UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHELLE SROKA,

       Plaintiff,                         Case No. 2:16-cv-10149
                                         District Judge Laurie J. Michelson
v.                                             Magistrate Judge Anthony P. Patti

WAL-MART STORES
EAST LP,

       Defendant.
_____/

## ORDER DETERMINING MOTIONS (DEs 40, 41, 42, 44) and TAKING UNDER ADVISEMENT DEFENDANT'S MOTION TO STRIKE (DE 46)

This matter is before the Court for consideration of several motions, each of which has been referred to me and noticed for hearing. On the date set for hearing, attorneys Leland T. Schmidt, Nicole M. Wright and Katharine Gagen McCarthy appeared in my courtroom, and I entertained approximately three hours of oral argument. For the reasons stated on the record, all of which are incorporated herein by reference:

1. Plaintiff's September 1, 2017 motion to file an amended complaint **(DE 40)** is **DENIED**.

2. Plaintiff's September 1, 2017 third motion to extend all dates **(DE 41)** is **DENIED** as framed in his prayer for relief (*see* DE 41 at 14-15); however, the motion is **GRANTED** to the extent it seeks the following, specific and limited discovery:

**a)** Either party may take the deposition of <u>Dedrick Davon Sewell</u>, no later than two weeks before trial, provided that the party taking the deposition has made ongoing, diligent efforts to locate Mr. Sewell and subpoena him for deposition.

**b)** Either party may take the deposition of <u>Ray Anthony Eddington</u>, whenever his appearance can be secured, provided that the party taking the deposition has made ongoing, diligent efforts to locate Mr. Eddington and subpoena him for deposition.

**c)** Plaintiff may take the depositions of Officers <u>B. Fitzsimmons</u> and <u>M. Killingbeck</u>, no later than December 14, 2017. Each deposition shall be limited to one hour, of which Plaintiff may use 40 minutes and Defendant may use 20 minutes to cross-examine.

Additionally, noting that the discovery deadline has already been extended three times (*see* DEs 8, 15, 22, 35), that the number of depositions has already exceeded the limitation permitted by Fed. R. Civ. P. 30 (*see* DE 44 at 2 ¶ 3), and that the maximum number of interrogatories permitted under Fed. R. Civ. P. 33(a)(1) has already been served by Plaintiff (as conceded at oral argument), no further extensions of discovery will be granted and no additional discovery will be permitted, beyond what is specified in this Order.

**3.** Plaintiff's September 1, 2017 motion to compel Defendant to respond to the request to produce, answer Plaintiff's interrogatories pursuant to Fed. Rules Civ. P. 37 and 26(b) and provide discovery material **(DE 42)** is: **(a) DENIED,** to the extent it seeks answers / responses to the discovery served on May 19, 2017 beyond those that Defendant served on July 14, 2017; **(b) DEFERRED,** to the extent it seeks a Fed. R. Civ. P. 30(b)(6) deposition, which issue is addressed in the Court's ruling on DE 44 (*see* ¶ 4 below); and **(c) GRANTED IN PART,** to the extent it seeks an inspection by its expert, Patrick Murphy. Such inspection will be permitted only if Defendant's motion to strike Murphy as an expert is denied and the case

survives the pending dispositive motion (*see* DEs 45, 46), in which case Defendant shall make the site available for inspection no later than 30 days before trial and the inspection and deposition of Plaintiff's expert shall take place within a two-day period. Specifically, as delineated in Plaintiff's motion (*see* DE 42 at 3-4, Pg ID 380-381):

**a)** Defendant need not permit the inspection described at *Subsections a and d*;

**b)** Defendant must allow the inspection described at *Subsections b, c, e, f, g, h, i, j, k, m and n*;

**c)** Defendant must provide the "Camera Plot Diagram" information requested with respect to still cameras (point-to-zoom diagram information having already been provided), if available, as listed in *Subsection l(1)-l(8)*; and

**d)** Defendant must permit inspection of and provide camera plot diagrams (if available and to the extent not previously provided in compliance with the preceding paragraph "c" or otherwise) for all cameras in the main aisle of the store between the location of the attack, *i.e.*, the dairy aisle, and the front door as described in *Subsection o*.

In executing this inspection, no destructive testing may occur; Plaintiff's expert may only visually inspect the described areas, as well as take measurements and photos of the same. In light of the fact that this information touches upon Defendant's security and fraud prevention operations, Defendant may designate some or all of this information as "confidential" or "attorneys' eyes only" under the existing protective order (DE 9), if there is a good faith basis for doing so. Finally, no costs are awarded as to this motion, neither party having prevailed in full. *See*, Fed. R. Civ. P. 37(a)(5).

**4.** Defendant's September 7, 2017 motion for a protective order pursuant to Fed. R. Civ. P. 26(c) **(DE 44)** is **GRANTED** to the

extent it relates to Plaintiff's August 7, 2017[1] notice of taking deposition *duces tecum* under Fed. R. Civ. P. 30(b)(6); however, it is **DENIED AS MOOT** to the extent it sought a protective order prohibiting Plaintiff from proceeding with any additional discovery in this matter, as this is addressed in the Court's prior ruling on Plaintiff's motion to compel (DE 42; *see* ¶ 2 above). Finally, no costs are awarded as to this motion, neither party having prevailed in full. *See*, Fed. R. Civ. P. 26(c)(3) and 37(a)(5).

5. Defendant's September 7, 2017 motion to strike Plaintiff's proposed expert witness J. Patrick Murphy **(DE 46)** is **TAKEN UNDER ADVISEMENT**.

**IT IS SO ORDERED.**

Dated: November 17, 2017       s/Anthony P. Patti
                               Anthony P. Patti
                               UNITED STATES MAGISTRATE JUDGE


**Certificate of Service**

I hereby certify that a copy of the foregoing document was sent to parties of record on November 17, 2017, electronically and/or by U.S. Mail.

                               s/Michael Williams
                               Case Manager for the
                               Honorable Anthony P. Patti

---

[1] The record shows a September 1, 2017 date for this notice (DE 44-3 at 3), which is two weeks after the discovery deadline; however, the parties agreed at oral argument that the notice was actually served on August 7, 2017, on the actual discovery cut-off date. (*See also* DE 44-4 at 3 ¶ 1.)